IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONALD J. DOCKERY, | ) | Case No. 8:07CV141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| CORRECTIONAL MEDICAL SERVICES, or CMS, DOUGLAS COUNTY CORRECTIONAL CENTER, of DCCC, T. D. GENSLER, M.D. of CMS, MARGARET A. ANTELY, P.A. of CMS, CHRISTINA TRAPP, R.N. of CMS, LISA KNUDTSON, D.O.N of CMS, KAREN BIETERMAN, of DCCC, and B. SELL, Officer, of DCCC, | ) ) ) ) ) ) ) ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

  The plaintiff filed a pro se complaint seeking recovery of damages for defendants' alleged improper disclosure of his private medical information in violation of the Health Insurance Portability and Accountability Act ("HIPPA" or "HIPAA").  Filing No. 1. The plaintiff is an inmate in the Douglas County Correctional Center ("DCCC").

  Pursuant to 28 U.S.C. § 1915(e)(2) of the Prison Litigation Reform Act ("PLRA"), the court conducted an initial review of plaintiff's complaint. On May 8, 2007, the court entered an order on initial review which stated that plaintiff's complaint failed to state a claim on which relief may be granted because HIPAA does not authorize a private right of action for damages.  Filing No. 7.  The May 8, 2007 order granted the plaintiff thirty days to file an amended complaint.  Filing No. 7, p. 3, ¶ 3.

  The plaintiff requested clarification of the order on initial review.  Filing No. 8.  In response, on May 29, 2007, the court filed a memorandum and order explaining that a federal agency can pursue actions to recover civil and criminal penalties against persons or entities that violate HIPAA, but private citizens cannot bring lawsuits for damages allegedly caused by HIPAA violations.  Filing No. 9.  The court's May 29, 2007 order further provided that "the deadline for an Amended Complaint is extended an additional twenty (20) days from the date of this Memorandum and Order; [and] in the absence of a timely Amended Complaint, this case will be subject, without further notice, to dismissal without prejudice."  Filing No. 9, p. 3, ¶¶ 2-3.

  The plaintiff has not filed an amended complaint, and the deadline for doing so has passed.  The plaintiff's pending complaint must be dismissed for failure to state a claim on which relief may be granted against any defendant. Therefore, the above-entitled case will

be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Though the plaintiff's case will be dismissed and judgment entered accordingly, the plaintiff remains obligated to pay the filing fee. As this court previously ordered:

> Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.1 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

Filing No. 5 (Prisoner Payment Order), p. 1.

Accordingly,

IT IS ORDERED:

1. The above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. The plaintiff remains obligated to pay the filing fee in accordance with this court's prior order, Filing No. 5; and

3. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge